IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRUCORPS LLC**, *et al.* | * | |
| *Petitioners*, | * | |
| v. | * | Case No. 19-1505-PJM |
| **UNITED STATES OF AMERICA,** | * | |
| *Respondent*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

### MOTION FOR SUMMARY ENFORCEMENT OF IRS SUMMONS AND OPPOSITION TO PETITION TO QUASH IRS SUMMONS

The United States of America, by its undersigned counsel, hereby requests that the Court summarily enforce the IRS summons issued to Petitioners' bank and opposes Petitioner's Petition to Quash the same summons. Petitioners assert that an IRS summons on its bank, Premier Bank, should be quashed because the IRS did not give Petitioners sufficient notice. The Court should reject the Petition and order that the summons be enforced because the IRS was not required to give Petitioners notice of the summons, as the IRS issued the summons in aid of collection of an assessment. Moreover, Petitioners were not prejudiced, as they received the Summons and initiated this action before the IRS reviewed and used the requested information. The Petition should be denied and the Summons should be enforced.

### FACTUAL AND PROCEDURAL BACKGROUND

On or about April 23, 2019, the IRS issued an Administrative Summons to Premier Bank for certain documents relating to the accounts of Petitioners TruCorps LLC, Direct Opportunities Group LLC, and Melvin Duane Stillwell. ECF No. 1-5. The Summons required production of responsive documents by May 22, 2019. *Id.* Petitioners assert that the "IRS failed to serve

Petitioners with the required notice of the Summons at any time after it was issued to Premier Bank" and only received notice of the Summons on or around May 13, 2019 "from representatives of Premier Bank." ECF No. 1 ¶ 11.

Petitioners filed the Petition on May 21, 2019 and served the United States a week later on or about May 29, 2019. Petitioners assert that the Petition "must be quashed if it fails one of the *Powell* requirements" and alleges that the IRS failed to meet the *Powell* requirement of following the "administrative steps required by the Internal Revenue Code." ECF No. 1 ¶¶ 14-15. Specifically, Petitioners complain that the "IRS never issued a notice of contact letter *prior* to contacting Premier Bank, in violation of 26 U.S.C. § 7602(c)." *Id.* ¶ 17 (emphasis in original). Petitioners further assert that the Summons should be quashed because the IRS did not provide notice to Petitioners of the Summons within three days of service or twenty-three days before the production was due, which Petitioners claim is required by 26 U.S.C. § 7609(a). *Id.* ¶ 18. In essence, Petitioners assert that the Summons should be quashed on procedural grounds, as they did not have notice of the Summons before it was issued or within a short time after it was issued. *See id.* ¶¶ 14-18. Petitioners assert no substantive challenges to the Summons. *See* ECF No. 1.

## ARGUMENT

Petitioners assert that the Summons should be quashed because the IRS failed to provide them with notice before and after service. The Court should deny the Petition and enforce the Summons because the Summons was issued in aid of collection of an assessment, and under those circumstances, the IRS need not provide notice. In addition, even if service was defective, Petitioners have not been prejudiced, as the records sought by the IRS have not been, and will not be, used or reviewed by the IRS and Petitioners have had ample opportunity to petition the Court to quash the Summons.

The IRS is authorized to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax . . . or collecting such a liability." 26 U.S.C. § 7602(a). The United States has waived sovereign immunity to allow a person "entitled to notice" of a summons to file suit to quash the summons. *Id.* §§ 7609(a), 7609(b)(2)(A). When a person files such a lawsuit, the IRS must show that (1) "the investigation will be conducted pursuant to a legitimate purpose," (2) "that the inquiry may be relevant to the purpose," (3) "that the information sought is not already within the Commissioner's possession," and (4) "that the administrative steps required by the Code have been followed." *United States v. Powell*, 379 U.S. 48, 57-58 (1964). Such a showing demonstrates "good faith in issuing the summons." *Stuart*, 489 U.S. at 359. To make a *prima facie* showing of good faith, "the government need only present 'an affidavit of an agent involved in the investigation averring the *Powell* good faith elements.'" *Conner v. United States*, 434 F.3d 676, 680 (4th Cir. 2006) (quoting *Alphin v. United States*, 809 F.2d 236, 238 (4th Cir. 1987)); *see United States v. Stuart*, 489 U.S. 353, 360 (1989) (noting that affidavits filed by the IRS "plainly satisfied the requirements of good faith [the Court] set forth in *Powell* and [later] repeatedly reaffirmed"). The Fourth Circuit has confirmed that the government's burden in this regard is "slight or minimal." *Conner*, 434 F.3d at 680 (quotation omitted).

With respect to the last prong of the *Powell* test, generally, the IRS must give notice to any person identified in the summons within three days of service, but "no later than the 23rd day before the day fixed in the summons as the day upon which records are to be examined." 26 U.S.C. § 7609(a)(1). There are, however, several exceptions to this general rule. One such exception allows the IRS to serve a summons without providing notice if the summons is "issued in the aid of the collection of -- (i) an assessment made or judgment rendered against the person with respect

3

to whose liability the summons is issued; or (ii) the liability at law or in equity of any transferee or fiduciary of any person referred to in clause (i)." *Id.* § 7609(c)(2).  Pursuant to this exception, if the IRS issues a summons in the aid of the collection of an assessment, the target of that summons is not entitled to notice, meaning the United States has not waived sovereign immunity for the target to challenge the summons.  *See* 26 U.S.C. §§ 7609(a)(1), 7609(b)(2)(A).

Here, the IRS served the Summons on Petitioners' bank, Premier, to aid the collection of a $217,836.20 tax liability accrued by Petitioner TruCorps.  Ex. 1, Peterkin Aff. ¶ 2.  The IRS believes that Petitioner Stillwell closed TruCorps and started operating Direct Opportunities Group to avoid paying employment tax liabilities.  *Id.* ¶ 3.  An IRS levy source was advised to pay Direct Opportunities Group, an entity created by Petitioner Stillwell in 2014.  *Id.* ¶ 4.  Both TruCorps and Direct Opportunities Group operate from the same address, engage in the same type of business, have the same employees, get paid from the same sources, and have similar data on IRS computerized records (*i.e.* IRP transcripts).  *Id.*  Thus, the IRS believes that records of Petitioners Stillwell, TruCorps, and Direct Opportunities Group, which are in the possession of Premier Bank and not in the IRS's full control,[1] will aid the IRS's enforcement of TruCorps's existing tax liability.  *Id.* ¶ 5.  Under these circumstances, the IRS need not provide notice to Petitioners, and the Court lacks jurisdiction to hear their challenge to the Summons.  26 U.S.C. § 7609(c)(2); *see Haber v. United States*, 823 F.3d 746, 751 (2d. Cir. 2016) (stating that the United States "has not waived its sovereign immunity" where the "challenged summons was issued in aid of collection of an assessment"); *Barnes v. United States*, 199 F.3d 386, 389-90 (7th Cir. 1999) (finding that the "notice exception applies to every summons issued to aid in collection even if that is not the

---

[1] The IRS did receive documents from the bank, but due to the pendency of the Petition, the IRS has not reviewed the information and will not review the information until the Court enters an order allowing the IRS to do so.  Peterkin Aff. ¶ 6.

exclusive purpose" and finding that the district court did not err by dismissing the petition to quash because "§ 7609 does not give them the right to quash the summons").

Petitioners present no additional challenges to the Summons. Because the IRS has established that its Summons was served for a legitimate purpose, it is relevant to that purpose, it was directed to Premier Bank to obtain information it cannot currently view or use, and administrative steps have been followed, the Court should deny the Petition to Quash the Summons and enter an order enforcing compliance with the Summons.

Moreover, Petitioners have not been prejudiced by any lack of notice. As they admit, Petitioners learned about the Summons from Premier Bank during the week of May 13, 2019. ECF No. 1 ¶ 11. Petitioners initiated the instant lawsuit before the IRS reviewed or used the bank records, and the IRS will not view or use this information until it receives a Court order allowing it to do so. Peterkin Aff. ¶ 6. Thus, even if the IRS was required to provide notice, Petitioners have not been prejudiced by the fact that they received no notice. While the IRS does not take lightly its legal obligations to provide notice, the Court should deny the Petition and enforce the Summons because Petitioners were not prejudiced in any way and the IRS has established that it issued the Summons for the legitimate purpose of collecting an existing tax debt. *See Cook v. United States*, 104 F.3d 886, 889 (6th Cir. 1997) (noting that district courts have "discretionary authority to excuse the [IRS's] technical notice errors where the party in interest suffered no actual prejudice" and noting that petitioners there had already presented their objections to the summons). The Court should reject the Petition and grant the IRS's Motion to enforce the Summons because it was issued in aid of collection and no notice is required, and because Petitioners were not prejudiced even if they were entitled to notice.

Respectfully submitted,

Robert K. Hur
United States Attorney

 */s/ Matthew A. Haven*
Matthew A. Haven
Assistant U.S. Attorney
U.S. Attorney's Office
District of Maryland
36 S. Charles Street, 4th Floor
Baltimore, MD 21201
(410) 209-4800